IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **BRODERICK TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.:  4:04CV1328TCM** |
| v. ) | |
| ) | |
| **BRANNEKY & SONS MERCANTILE** ) | |
| **COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

COMES NOW, Plaintiff, Broderick Taylor, by and through his undersigned attorney of record, Herman L. Jimerson, and for his Response to Defendant's Statement of Facts states as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied.  Defendant terminated the Plaintiff because of the Plaintiff's disability, partial blindness.

5. The Plaintiff had performed in many positions for the Defendant over time including night manager, paint department, sales, and service counter.  Any other assertions contained in paragraph 5 are denied.

6. The essential functions of the Plaintiff's job include timeliness, customer service, and knowledge of products and techniques, but were variable depending upon the position Plaintiff was filling at the time.  <u>All</u> of the functions listed in paragraph 6 cannot be said to be "<u>essential</u>," but rather each activity listed is something that the Plaintiff had done for the

Defendant at one time or another.

7.      The Defendant was assessed by "Job Accommodations, Inc." and was given a list of accommodations recommended for the Plaintiff's continued job retention.  Any other assertions listed in paragraph 7 are denied.

8.      Denied.  The Plaintiff does not know how the specially equipped monitor and other items recommended to accommodate him would have helped him because he was not provided with these items and was instead terminated before accommodations could be made.  Any other assertions contained in paragraph 8 are denied.

9.      Denied.  The Plaintiff does not know how the specially equipped monitor and other items recommended to accommodate him would have helped him because he was not provided with these items and was instead terminated before accommodations could be made.  Any other assertions contained in paragraph 9 are denied.

10.     Denied.  The Defendant attempted numerous times to harass the Plaintiff by calling the Plaintiff into the office and demanding that "If they [Job Accommodations, Inc.] can't see for you, then they can't help you!"  The Defendant also harassed Plaintiff about the insurance liability Plaintiff presented for the Defendant.  The Defendant created a hostile environment for the Plaintiff instead of trying to accommodate him.  All other assertions contained in paragraph 10 are denied.

11.     The Defendant's agents had been harassing the Plaintiff about the liability that Plaintiff presented for the Defendant according to the Defendant's insurance company.  The Defendant had been verbally and emotionally abusive to the Plaintiff regarding the Plaintiff's disability.  The accommodations that the Defendant should provide to the Plaintiff were outlined by Job Accommodations, Inc., which is the most knowledgeable and experienced in

recommending the accommodations of all the parties involved herein.  Therefore, the Plaintiff did not need to isolate himself in the office with the Defendant, which was a hostile environment, to discuss the Plaintiff's disability.  Any other assertions contained in paragraph 11 are denied.

      12.      The Plaintiff is without information sufficient to determine the truth or the accuracy of the assertions contained in paragraph 12, and therefore denies the same.

      13.      After the Plaintiff was terminated on November 21, 2001, he applied for SSDI benefits based upon his disability, blindness.  Any other assertions contained in paragraph 13 are denied.

      14.      The Plaintiff required vocational rehabilitation for any job position other than the one he held with Defendant for 17 years, and with Defendant reasonable accommodation was required.  The Plaintiff was unable to work at any position other than with the Defendant.  At the time that the Plaintiff was terminated the Plaintiff could work no where else until rehabilitated. Any other assertions contained in paragraph 14 are denied.

      15.      Admitted.

      16.      Admitted.

      17.      Admitted.

      18.      Admitted.                      Respectfully Submitted,

JIMERSON LAW FIRM, P.C.

/s/ Herman L. Jimerson
Herman L. Jimerson, #10509
225 South Meramec, Ste. 508
Clayton, Missouri 63105
(314) 862-0069
(314) 862-4134 (facsimile)

Attorney for Plaintiff

3

## CERTIFICATE OF MAILING

  The undersigned hereby certifies that a true and accurate copy of the foregoing document was sent by way of electronic filing with the Court's CM-ECF electronic filing system, and thereby via E-Mail this 12th day of October, 2005 to Defendant's attorney of record:

Philip C. Graham
HELFREY, SIMON & JONES, P.C.
120 S. Central Ave., Ste. 1500
St. Louis, MO 63105

                /s/ Herman L. Jimerson